# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY ANGELO DEGENES,** | CIVIL ACTION NO. 11-916 |
| Plaintiff, | JUDGE JOY FLOWERS CONTI |
| v. | |
| **ROBERT MUELLER** *Director of the Federal Bureau of Investigation (FBI),* **MICHAEL RODRIGUEZ** *FBI Agent in charge of the FBI Pittsburgh Office,* **BRENTWOOD POLICE DEPARTMENT**, **BRENTWOOD BOROUGH,** | |
| Defendant. | |

## **MEMORANDUM ORDER**

On December 9, 2011, plaintiff Anthony Angelo DeGenes ("plaintiff") asked the court to reconsider the order entered on November 29, 2011 denying plaintiff's motion to appoint him a counsel in connection with this matter (ECF No. 36). On December 22, 2011, Robert S. Mueller, Director of the Federal Bureau of Investigation ("FBI"), Michael Rodriguez, FBI agent in charge of the FBI Pittsburgh Office (the "Federal Defendants") filed a response in opposition to plaintiff's motion for reconsideration (ECF No. 41). On January 17, 2012, plaintiff filed a reply to Federal Defendants' response in opposition (ECF No. 42). For the reasons explained below, the request for reconsideration is denied.

A motion for reconsideration is ordinarily granted only if (1) there is "an intervening change in the controlling law," (2) involves the presentation of "new evidence" that was not available at the time of the ruling in question, or (3) to address the "need to correct a clear error

of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The instant motion does not address any of the grounds listed above.

Plaintiff relies on Gideon v. Wainwright, 372 U.S. 335 (1963), in support of his motion for reconsideration. Reliance on Gideon, however, is misplaced as it only applies to criminal cases. As previously noted in

> [i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. Nevertheless, Congress has granted district courts statutory authority to "request" appointed counsel for indigent civil litigants. *See* 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"). [The Court of Appeals for the Third Circuit] has interpreted § 1915 as affording district courts "broad discretion" to determine whether appointment of counsel in a civil case would be appropriate.

Montgomery v. Pinchak, 294 F.3d 492, 498 (3d. Cir. 2002) (internal citation omitted).

Therefore, after careful consideration, the court concludes that it already ruled upon the issue raised in the motion for reconsideration and that the plaintiff failed to raise any new argument why this court should reconsider its decision. Accordingly, the court enters the following order:

AND NOW, this 27th day of January, 2012, it is hereby ordered that plaintiff's motion for reconsideration of the order denying appointment of counsel (ECF No. 36) is DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Court Judge

cc:
**ANTHONY ANGELO DEGENES**
300 Van Wyck Avenue
Brentwood, PA 15227