IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY ANGELO DEGENES,** | ) CIVIL ACTION NO. 11-916 |
| Plaintiff, | ) |
| v. | ) |
| **ROBERT MUELLER** *Director of the Federal Bureau of Investigation (FBI)*, **MICHAEL RODRIGUEZ** *FBI Agent in charge of the FBI Pittsburgh Office*, **BRENTWOOD POLICE DEPARTMENT**, **BRENTWOOD BOROUGH,** | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

**CONTI, District Judge.**

## I.  Introduction

Pending before the court is a motion to dismiss for lack of jurisdiction (ECF No. 10)[1] and a motion for judgment on the pleadings (ECF No. 28) filed by the Brentwood Police Department and Brentwood Borough (collectively, the "Brentwood Defendants") and a "motion to dismiss or, in the alternative, motion for summary judgment" (ECF No. 31) filed by Robert S. Mueller ("Muller"), Director of the Federal Bureau of Investigation ("FBI"), Michael Rodriguez, FBI

---

[1] Although the motion was mooted by reason of the subsequent filing of the amended complaint, Brentwood Defendants incorporated that motion by reference in its motion for judgment on the pleadings (see ECF No. 28 at 1.) While the motion should have been refiled instead of incorporating it by reference, the court will nonetheless address the arguments made in that motion. See FED. R. CIV. P. 10(c); Macklin v. Butler, 553 F. 2d 525, 528 (7th Cir. 1977) ("It is clear that pleadings may incorporate earlier pleadings by reference."). If there are any other filings in this case, prior motions cannot be incorporated by reference.

1

agent in charge of the FBI Pittsburgh Office ("Rodriguez" and together with Mueller, the "Federal Defendants"). For the reasons set forth below, the court will grant the Brentwood Defendants' motion and grant Federal Defendants' motion to dismiss all claims against individual defendants Mueller and Rodriguez. Additionally, the court will grant plaintiff Anthony Angelo DeGegenes ("plaintiff") leave of court to amend the amended complaint.

## II. Factual and procedural background

On May 19, 2011, plaintiff sent a letter to Mr. Rodriguez "requesting to know whether [he] was ever [been] investigated, monitored or was under surveillance at any time. [Plaintiff] also want[ed] to know whether [he] [was] still under investigation." ECF No. 1 at 2. Rodriguez did not respond to plaintiff's request. On June 6, 2011, "[plaintiff] requested from Robert Butelli, Chief of Police for Brentwood police Department, a background check be done on [himself]." Id. Plaintiff "was told by Chief Robert Butelli that the police only investigate those who have applied to be police officers." Id.

On July 13, 2011, plaintiff filed a complaint in this court against the Federal Defendants and the Brentwood Defendants. The complaint alleges that the defendants violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Pennsylvania Right-to-Know Law, 65 Pa. PA. CONS. STAT. §§ 67.101 et seq. As relief, plaintiff asked the court to "grant [him] the right to know whether the FBI or the Brentwood Police had ever conducted any type of surveillance and/or investigation of [him]. An[d] if such a surveillance is still going on." ECF No. 1 at 2.

On August 4, 2011, the Brentwood Defendants filed a motion to dismiss for lack of subject-matter jurisdiction. ECF No. 10. In their motion, the Brentwood Defendants alleged the court does not have jurisdiction over this case because plaintiff failed to allege that there is diversity of citizenship and because it does not involve a federal question. In addition, the

Brentwood Defendants brought a motion to dismiss for failure to state a claim upon which relief can be granted. Id. Specifically, they argued that the FOIA does not apply to records held by state or local government agencies. With respect to the claim of a violation under the Pennsylvania Right-to-Know Law, the Brentwood Defendants argued that this court lacks jurisdiction over that kind of claim because a challenge to the denial by a state or local agency of a request to produce records must be brought before a state court, not a federal court.

On August 9, 2011, plaintiff filed an "amended complaint" wherein he purported to "amend his Complaint to include a charge of civil rights discrimination." ECF No. 13 at 1. In particular, plaintiff alleged that "[t]he Brentwood Police and Brentwood Borough . . . denied plaintiff his civil rights under the 14th, 15th and all other Amendments which are stated in the Bill Of Rights." ECF No. 13 at 1. The following day, August 10, 2011, plaintiff filed a motion seeking leave to amend his complaint. ECF No. 14. The court granted that motion on September 19, 2011.

On September 23, 2011, Brentwood Defendants filed an answer denying any and all allegations contained in the amended complaint and raising several affirmative defenses. ECF No. 24. On October 25, 2011, Brentwood Defendants filed a motion for judgment on the pleadings. ECF No. 28. After obtaining two extensions, the Federal Defendants filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim or, in the alternative, a motion for summary judgment. ECF No. 31.

On December 7, 2011, plaintiff filed a "motion to the court not to dismiss plaintiff's case." ECF No. 35. In his motion, plaintiff argued the amended complaint should not be dismissed because he was never told by the FBI whether there were records about him and that dismissal would amount to a denial of "justice because he did not receive from the FBI the

3

record he was entitled to have." Id. at 1. Plaintiff acknowledged he was not aware that Right-to-Know claims under Pennsylvania law must be pursued in Pennsylvania state courts. Id.

### III. *Pro se* **plaintiffs**

Before addressing the applicable standards, this court must be mindful of plaintiff's *pro se* status. *Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's . . . legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Even though a plaintiff is *pro se*, she must "set forth sufficient information to outline the elements of his claim." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 340 (2d ed. 1990)). Thus, plaintiff is required to present enough factual allegations for the court, accepting those allegations as true, to determine whether there is a plausible claim that defendants violated plaintiff's federal rights. Id.

### IV. **Brentwood Defendants' Motion to Dismiss under Rule 12(b)(1)**

#### a. Standard of Review

In addressing the motion to dismiss under Rule 12(b)(1), the court will apply the following standard:

> Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). . . . Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.

Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).

### b. Discussion

#### 1) Pennsylvania Right-to-Know Claims

It appears plaintiff asserts claims under the Pennsylvania Right-to-Know Law, 65 PA. CONS. STAT. §§ 67.101, *et seq*. These claims must be dismissed because "state courts provide the exclusive forum for litigating claims under that statute." Hill v. Supervisor, No. 97-cv-4996, 1998 WL 175879, at *2 (E.D. Pa. Apr. 8, 1998) (citing Martison v. Violent Drug Traffickers Project, No. 95-cv-2161, 1996 WL 411590 (D. D.C. July 11, 1996), and Proffitt v. Davis, 707 F. Supp. 182 (E.D. Pa. 1989)); 65 PA. CONS. STAT. § 67.1302(a) (an appeal from a decision of an "agency," as defined under the Right-to-Know Law, must be brought before the "court of common pleas for the county where the local agency is located"); Pa. State Educ. Ass'n v. Commonwealth, 4 A.3d 1156, 1163 (Pa. Commw. Ct. 2010) (same). Thus, Brentwood Defendants' motion to dismiss the Pennsylvania Right-to-Know claims against them must be granted for lack of subject-matter jurisdiction.[2] The dismissal is without prejudice to plaintiff's filing the claims in the appropriate forum.

---

[2] In the alternative, assuming the court could exercise pendent jurisdiction over this state claim, the court, which is dismissing all the federal claims asserted in this action, declines to exercise jurisdiction over these state law claims. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

### 2) FOIA Claims

A FOIA claim cannot be asserted against state entities. FOIA, in fact, applies only to federal agencies not to state entities. Donnelly v. O'Malley & Langan, PC, 370 F. App'x 347, 348 n.2 (3d Cir. 2010) (FOIA applies only to the release of government records by the federal government); Dunleavy v. New Jersey, 251 F. App'x 80, 83 (3d Cir. 2007) ("FOIA obligated *federal agencies* to make their documents, records, and publications available to the public." (emphasis added)); McDonnell v. United States, 4 F.3d 1227, 1249 (3d Cir. 1993) ("FOIA has no application to state governments."); 5 U.S.C. § 551(1) ("'agency' means each authority of the *Government of the United States*, whether or not it is within or subject to review by another agency") (emphasis added). Accordingly, Brentwood Defendants' motion to dismiss the FOIA claims against them must be granted with prejudice.

## V. Brentwood Defendants' Motion for Judgment on the Pleadings Pursuant to Rule 12(c).[3]

### a. Standard of Review

In addressing the motion for judgment on the pleadings, the court will apply the following standard:

> Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party

---

[3] The court will address the motion for judgment on the pleadings only with respect to plaintiff's purported claims under § 1983. Obviously, the court's granting of the Brentwood Defendants' motion to dismiss the Pennsylvania Right-to-Know Law and FOIA claims adequately disposes of those claims as to Brentwood Defendants.

Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).

In determining whether a motion for judgment on the pleadings should be granted, the court must first inquire whether there are any issues of material fact and then whether the judgment should be entered as a matter of law. See Domino's Pizza LLC v. Deak, 383 F. App'x 155, 158 (3d Cir. 2010); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005); Inst. for Scientific Info., Inc. v. Gordon and Breach, Science Publishers, Inc., 931 F.2d 1002, 1005 (3d Cir.1991).

If a complaint does not comply with the rules of civil procedure, courts are to notify plaintiffs that they have leave to amend their complaints unless the amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (reversing the district court for failing to grant the plaintiff the right to amend when the district court did not specifically find that granting leave to amend would be inequitable or futile). Allowing for amendment is consistent with Rule 15(a) of the Federal Rules of Civil Procedure, which provides "leave [to amend] shall be freely given when justice so requires." A court, however, may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility. In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434. The standard of legal sufficiency set forth in Federal Rule of Civil Procedure 12(b)(6) determines whether a proposed amendment would be futile. Id. An amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. Id.; see Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001) (noting that failure to overcome the time bar of a statute of limitations renders a proposed amendment futile).

**b. Discussion**

To the extent plaintiff amended his complaint to "include a charge of civil right discrimination," ECF No. 13, under, among others, the Fourteenth Amendment against the Brentwood Defendants, the court construes the amendment as a claim pursuant to 42 U.S.C. § 1983. See Brown v. Philipp Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001) ("§ 1983 is derived from the Civil Rights Act of 1871, which was enacted to enforce the Fourteenth Amendment."). The Brentwood Defendants raised two arguments in support of their Rule 12(c) motion: (1) plaintiff failed to state a claim against the Brentwood Police Department upon which relief can be granted because the police department is not a proper party; and (2) plaintiff failed to state a claim against the Brentwood Borough upon which relief can be granted because plaintiff failed to allege that the municipality sanctioned or ordered conduct falling within the purview of 42 U.S.C. § 1983.

With respect to the first argument, the Brentwood Defendants are correct. Because Brentwood Borough was sued, the police department need not be named as a party and should be dismissed from this case. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); see Russell v. City of Phila., 428 F. App'x 174, 177 (3d. Cir. 2011) (citing 53 PA. STAT. § 16257). 53 PA. STAT. § 16257 "requires all suits against any department of the City to be brought in the name of the City itself because the departments of the City do not have independent corporate existence." Boles v. Phila. Water Dept., No. 06-1609, 2010 WL

2044473, at *1 n.1 (May 21, 2010) (citing City of Phila. v. Glim, 613 A.2d 613, 616 (Pa. Commw. Ct. 1992)).

Second, plaintiff failed to make any factual allegation that would enable this court to infer that the Borough of Brentwood is liable under § 1983 for discriminating against him. Thus, there is no material issue of fact that must be resolved because the complaint lacks factual allegations relevant to a § 1983 claim. The court must only determine whether the movants are entitled to judgment as a matter of law. The Court of Appeals for the Third Circuit held:

> A municipality can be liable under § 1983 for acts pursuant to an unconstitutional policy, custom or practice. *Monell* [*v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, (1978)]. We recently articulated guiding principles for deciding whether an official's act permits an inference of government policy:
>
>> First, . . . municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Second, only those municipal officials who have "final policymaking authority" may by their actions subject the government to § 1983 liability. Third, whether a particular official has "final policymaking authority" is a question of state law. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business.
>
> *Nawrocki v. Township of Coolbaugh*, 34 Fed. Appx. 832, 837 (3d Cir.2002) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)) (other citations omitted).

Noone v. City of Ocean City, 60 F. App'x 904, 910-11 (3d Cir. 2003).

As noted, plaintiff did not make any factual allegation from which the court could infer the existence of an unconstitutional policy, custom or practice pursuant to which

plaintiff had been discriminated against by the municipality. Under those circumstances the § 1983 claim must be dismissed. The dismissal will be without prejudice.

For the foregoing reasons, Brentwood Defendants' motion for judgment on the pleadings is granted with prejudice with respect to the claims against the Brentwood Police Department and without prejudice with respect to any § 1983 claim against the Brentwood Borough.

## VI. Federal Defendants' Motion to Dismiss pursuant to Rule 12(b)(6)[4]

### a. Standard of review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost, 1 F.3d at 183. In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[4] Federal Defendants filed also a motion to dismiss for lack of subject-matter jurisdiction based on two grounds: (i) plaintiff failed to exhaust his administrative remedies before resorting to this court, which should result in a dismissal of the FOIA claims "for failure to state a claim", ECF No. 32 at 7 (citing McDonnell, 4 F.3d at 1240, n.9 (explaining that failure to exhaust administrative remedies does not *per se* deprive the court of subject-matter jurisdiction; rather, it is a prudential consideration)) and (ii) the action should be dismissed "[b]ecause FOIA does not create a cause of action against individual defendants." Id. It is clear from their own arguments that both grounds more properly fall within the scope of a Rule 12(b)(6) motion.

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 1949 (internal citation omitted).

Two working principles underlie Twombly. Id. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions. Id. "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

### b. Discussion

#### 1) Pennsylvania Right-to-Know Law claims

To the extent plaintiff raises claims under the Pennsylvania Right-to-Know Law against the Federal Defendants, the claims must be dismissed because: (i) the statute is not applicable to

11

federal agencies but only to "Commonwealth," "local," "judicial," or "legislative" agencies, as these entities are defined under the statute, see PA. CONS. STAT. § 67.102 (Definitions), and (ii) as noted above, state courts provide exclusive forum for litigating claims under that statute. The claims, therefore, must be dismissed with prejudice.

### 2) FOIA claims

Here, the Federal Defendants argue that the action against them should be dismissed for two reasons. First, they argue that individual defendants are not proper parties in FOIA suits. The court agrees. See Johnston v. United States, No. 93-cv-5605, 1994 WL 533908, at *1 (E.D. Pa. Sept. 29, 1994) ("The Freedom of Information Act does not create a cause of action against individual employees of federal agencies."); Landes v. Yost, No. 89-cv-6338, 1990 WL 45054, at *1 (E.D. Pa. Apr. 12, 1990) ("FOIA . . . suits must be brought against an agency, not an individual officer."). Accordingly, because the Federal Defendants are individuals, the motion to dismiss must be granted in favor of the Federal Defendants with prejudice.

Second, the Federal Defendants argue the action should be dismissed because plaintiff failed to exhaust the administrative remedies before resorting to this court. In support, the Federal Defendants rely, among other exhibits attached to its motion, on an affidavit executed by David M. Hardy, the Section Chief of the Record/Information Dissemination Section at the FBI. If this court relies on the affidavit in deciding this matter, it would need to convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. "When a motion to dismiss is converted into a motion for summary judgment, the parties must be given notice of the conversion and an opportunity to present material to the court." Clay v. Dep't of Army, 239 F. App'x 705, 706 (3d Cir. 2007) (citing Rose v. Bartle, 871 F. 2d 331, 340 (3d Cir. 1989)).

Plaintiff, however, in his latest filing (ECF No. 35) appears to oppose the Federal Defendants' version of the facts. Plaintiff suggests he was not made aware by the FBI of any appeal procedure pertaining to the FBI's decision not to respond to plaintiff's request. The record is not fully developed on this issue and this court declines to entertain the present motion as a motion for summary judgment. Moreover, the court need not reach that argument because the claims against the Federal Defendants, who are individuals, must be dismissed with prejudice.

An appropriate order follows:

**ORDER**

AND NOW, this 27th of January, 2012, upon consideration of the Brentwood Defendants and Federal Defendants' motions and plaintiff's submissions, it is hereby ordered that:

(1) Brentwood Defendants' motions, ECF Nos. 10 and 28, are GRANTED without prejudice, except for the Pennsylvania Right-to-Know claims and the FOIA claims and any claims against Brentwood Police Department which are dismissed with prejudice;

(2) Federal Defendants' "motion to dismiss or, in the alternative, for summary judgment," ECF No. 31, is GRANTED with prejudice with respect to the dismissal of the FOIA claims against the individual party defendants and the Pennsylvania Right-to-Know claims.

Plaintiff, if he can plead facts consistent with Rule 11 of the Federal Rules of Civil Procedure, may file a second amended complaint against proper parties within 30 days of the date of this order.[5] Failure to file an amended complaint within 30 days of the date of this order will result in the case being closed with prejudice.

---

[5] Rule 11 "imposes on any party who signs a pleading, motion, or other paper – whether the party's signature is required by the Rule of is provided voluntarily – an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing," and the "standard is one of reasonableness under the circumstances." Business Guides,

                                                  /s/ Joy Flowers Conti
                                                  Joy Flowers Conti
                                                  United States District Court Judge

cc:
**ANTHONY ANGELO DEGENES**
300 Van Wyck Avenue
Brentwood, PA 15227

---

Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551 (1991); see Abdul-Akbar v. Watson, 901 F.2d 329, 334 n.2 (3d Cir. 1990) (the objective standard of reasonableness under Rule 11 applies to *pro se* litigants).