IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY ANGELO DEGENES,** | ) | CIVIL ACTION NO. 11-916 |
| Plaintiff, | ) | |
| v. | ) | |
| **FEDERAL BUREAU OF INVESTIGATION, BRENTWOOD BOROUGH,** | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**CONTI, District Judge**

**I.**    **Introduction**

Pending before the court is a motion for judgment on the pleadings (ECF No. 59) filed by Brentwood Borough ("Brentwood") and a "motion to dismiss Plaintiff's second amended complaint or, in the alternative, motion for summary judgment" (ECF No. 51) filed by The Federal Bureau of Investigation ("FBI"). For the reasons set forth below, both Brentwood's motion to dismiss and the FBI's motion to dismiss will be granted.

**II.**    **Factual and procedural background**

This claim arises from a series of requests submitted by plaintiff Anthony Angello Degenes ("plaintiff" or "Degenes"), to both the FBI, and Brentwood in an effort to discover any records in their possession regarding him. The first request was submitted under the Freedom of

1

Information Act ("FOIA"), 5 U.S.C. § 552, and was sent on May 19, 2011 to Michael A. Rodriguez, an agent in charge of the FBI's Pittsburgh Field Office asking "whether [he is] under surveillance or was [he] ever under surveillance." (Ex. A, ECF No. 51-2.) The request also questioned whether he was monitored or was being investigated. (Id.) This inquiry was forwarded to David M. Hardy ("Hardy") at the Records Management Division of the FBI. Hardy responded to the request on June 1, 2011 by forwarding Degenes the proper form for the request, which had to be signed before the request could be honored. (See ECF No. 51-1 at 7.) Eight days later on June 9, 2011, Degenes submitted the supplied form with the required signature. (Ex. C, ECF No. 51-4.) After an automated search for records was conducted which located no responsive records, a letter was sent to Degenes on June 21, 2011 informing him there were no responsive records. This letter also explained that the "manual" indices of the Pittsburgh Field Office were unable to be accessed because they were being "prepared for automation" at that time. (See Exhibit E, ECF No. 51-6.) Instructions for filing an appeal were included within this notice. Six days later on June 27, 2011, Degenes replied in a letter requesting clarification about the results of the search, (Ex. E, ECF No. 51-7.) The FBI did not respond. (Ex. 1, ECF No. 51-1 at 12.)

The second request was sent by Degenes to the Brentwood Police Department on June 6, 2011 asking to have a background check done on himself. In a reply, Degenes was told that "the police only investigate those who have applied to be police officers." (ECF No. 1 at 2.)

On July 13, 2011, Degenes, filed a pro se complaint in this court against Brentwood Borough and the Brentwood Police Department (the "Brentwood Defendants") in addition to Robert S. Mueller and Michael Rodriguez of the FBI (the "Federal Defendants"). In the complaint Degenes alleged that the defendants violated the FOIA, and the Pennsylvania Right-

to-Know Law, 65 Pa. Cons. Stat. § 67.101, *et* seq. As relief, plaintiff asked the court to "grant [him] the right to know whether the FBI or the Brentwood Police had ever conducted any type of surveillance and/or investigation of [him]. An[d] is such a surveillance is still going on." (ECF No. 1 at 2.)

On August 4, 2011, the Brentwood Defendants filed a motion to dismiss for lack of subject-matter jurisdiction. (ECF No. 10.) In their motion, they alleged the court does not have jurisdiction over this case because plaintiff failed to allege that there was diversity of citizenship and because there is no federal question involved. In addition, the Brentwood Defendants argued plaintiffs failed to state a claim upon which relief can be granted. (<u>Id.</u>) Specifically, they argued that the FOIA does not apply to records held by state or local government agencies. With respect to the claim of a violation under the Pennsylvania Right-to-Know Law, the Brentwood Defendants argued that this court lacked jurisdiction over such a claim because a challenge to the denial by a state or local agency of a request to produce records must be brought before a state court, not a federal court.

On August 9, 2011, plaintiff filed an "amended complaint" wherein he purported to "amend his Complaint to include a charge of civil rights discrimination." (ECF No. 13 at 1.) In particular, plaintiff alleged that "[t]he Brentwood Police and Brentwood Borough . . . denied plaintiff his civil rights under the 14th, 15th and all other Amendments which are stated in the Bill Of Rights." (ECF No. 13 at 1.) The following day, August 10, 2011, plaintiff filed a motion seeking leave to amend his complaint. (ECF No. 14.) The court granted that motion on September 19, 2011.

On September 23, 2011, the Brentwood Defendants filed an answer denying any and all allegations contained in the amended complaint and raising several affirmative defenses. (ECF

No. 24.) On October 25, 2011, the Brentwood Defendants filed a motion for judgment on the pleadings. (ECF No. 28.) After obtaining two extensions, the Federal Defendants filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted or, in the alternative, a motion for summary judgment. (ECF No. 31.)

On December 7, 2011, plaintiff filed a "motion to the court not to dismiss plaintiff's case." (ECF No. 35.) In his motion, plaintiff argued the amended complaint should not be dismissed because he was never told by the FBI whether there were records about him and that dismissal would amount to a denial of "justice because he did not receive from the FBI the record he was entitled to have." (Id. at 1.) Plaintiff acknowledged he was not aware that Right-to-Know claims under Pennsylvania law must be pursued in Pennsylvania state courts. (Id.)

On January 27, 2012, in a memorandum opinion, the court granted the Brentwood Defendants' motion to dismiss for lack of jurisdiction (ECF No. 10) and motion for judgment on the pleadings (ECF No. 28) without prejudice, except the Pennsylvania Right-to-Know claims, the FOIA claims, and any claims against Brentwood Police Department, which were dismissed with prejudice. (ECF No. 44 at 13.) The Federal Defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 31) was granted with prejudice with respect to the dismissal of the FOIA claims against the individual party defendants and the Pennsylvania Right-to-Know claims. (Id.) Following this order, Degenes was given the opportunity to file a second amended complaint within thirty days, provided he could plead facts consistent with Rule 11 of the Federal Rules of Civil Procedure and name proper parties. (Id.)

On February 24, 2012, Degenes, filed a second amended complaint which included claims against only the FBI and Brentwood. (ECF No. 46.) The complaint against the FBI was purportedly based solely on alleged violations of the FOIA. With respect to Brentwood,

4

Degenes claimed the borough had violated his civil rights under 42 U.S.C. § 1983. (Id.) After being granted an extension, the FBI filed a motion to dismiss or, in the alternative, for summary judgment on March 30, 2012. (ECF No. 50.) Degenes responded on April 26, 2012 with a "Motion not to dismiss Plaintiff's civil rights case against Brentwood Borough." (ECF No. 57.) Brentwood filed a motion "for judgment on the pleadings on second amended complaint." (ECF No. 59.)

I.  *Pro se* **plaintiffs**

Before addressing the applicable standards, this court must be mindful of plaintiff's *pro se* status. *Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's . . . legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Even though a plaintiff is *pro se*, he must "set forth sufficient information to outline the elements of his claim." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 340 (2d ed. 1990)). Thus, plaintiff is required to present enough factual allegations for the court, accepting those allegations as true, to determine whether there is a plausible claim that defendants violated plaintiff's federal rights. Id.

## II. Brentwood's Motion for Judgment on the Pleadings on the Second Amended Complaint under Rule 12(c)

### a. Standard of Review

The court must decide, as a matter of law, whether plaintiff's claims against defendants can be dismissed by a motion for judgment on the pleadings. DiCarlo v. St. Mary Hosp., 530 F.3d 255, 262 (3d Cir.2008). The court must accept as true all well-pled allegations of fact in the pleadings and draw every reasonable inference in favor of the party against whom judgment is sought. Id. at 262–63 (3d Cir.2008). When a motion for judgment on the pleadings alleges plaintiff's failure to state a claim upon which relief can be granted, the appropriate standard for deciding such a motion is the same as the standard used to decide a motion pursuant to Rule 12(b)(6). See Bangura v. City of Phila., 338 F. App'x 261, 264 (3d Cir. 2009); Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989). Thus, "[i]n determining whether a complaint is sufficient, courts should disregard the complaint's legal conclusions and determine whether the remaining factual allegations suggest that the plaintiff has a plausible-as opposed to merely conceivable-claim for relief." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). As a general rule, in ruling on a motion for judgment on the pleadings a district court may not consider matters extraneous to the pleadings; as an exception, however, a court may consider documents integral to or explicitly relied upon in the complaint without converting the motion into one for summary judgment. Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 256 n.5 (3d Cir.2004).

If a complaint does not comply with the rules of civil procedure, courts are to notify plaintiffs that they have leave to amend their complaints unless the amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)

(reversing the district court for failing to grant the plaintiff the right to amend when the district court did not specifically find that granting leave to amend would be inequitable or futile). Allowing for amendment is consistent with Rule 15(a) of the Federal Rules of Civil Procedure, which provides "leave [to amend] shall be freely given when justice so requires." A court, however, may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility. In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434. The standard of legal sufficiency set forth in Federal Rule of Civil Procedure 12(b)(6) determines whether a proposed amendment would be futile. Id. An amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. Id.; see Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001) (noting that failure to overcome the time bar of a statute of limitations renders a proposed amendment futile).

"[A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings .... The motion ... only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 206–08 (3d ed. 2004). Courts disfavor motions for judgment on the pleadings and apply a very restrictive standard when ruling on such motions. Id. § 1368 at 222–23.

### b. Discussion

"Local governing bodies, [like Brentwood Borough] . . . , can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

7

officially adopted and promulgated by that body's officers. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978).

> A government policy or custom can be established in two ways. Policy is made when a decisionmaker [sic] possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials [are] so permanent and well-settled as to virtually constitute law.

Solomon v. Phila. Hous. Auth., 143 F. App'x 447, 456 (3d Cir. 2005) (quoting Beck v. Pittsburgh, 89 F. 3d 966, 971 (3d Cir. 1992)). "A municipality may be liable when its 'policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one [of] its employees.'" Blakeslee v. Clinton Co., 336 F. App'x 248, 251 (3d Cir. 2009) (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir.1991)).

Here, accepting as true all well-pled allegations of fact in the pleadings and drawing every reasonable inference in favor of the party against whom judgment is sought, plaintiff's Second Amended Complaint alleges no such policy or custom of Brentwood. The factual allegations of the complaint in no way connect Brentwood to the experiences detailed by Degenes. (See ECF No. 46.) Plaintiff's claim for relief is not plausible. Having had two opportunities to amend his complaint with still no reference to Brentwood, granting of additional amendments would clearly be futile. See 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 2010) ("[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied."). Accordingly, Brentwood's motion for judgment on the pleadings must be granted with prejudice.

## III. FBI's Motion to Dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(1)

### a. Standard of review

In addressing the motion to dismiss under Rule 12(b)(1), the court will apply the following standard:

> Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). . . . Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.

Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).

### a. Discussion

The FBI first argues that the FOIA claim against it should be dismissed because Degenes failed to exhaust his administrative remedies prior to bringing suit. (ECF No. 51 at 6.) "[T]he FOIA requires exhaustion of the administrative appeals process before an individual may seek relief in the district court." McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993) (citing Oglesby v. Department of Army, 920 F.2d 57 (D.C.Cir.1990)). A claim, however, may still be brought in district court under certain circumstances.

> [Section] 552(a)(6)(C) permits a requester to file a lawsuit when ten days have passed without a reply from the agency indicating that it is responding to his request, but [ ] this option lasts only up to the point that an agency actually responds. Once the agency has responded to the request, the petitioner may no longer exercise his option to go to court immediately. Rather, the requester can seek judicial review only after he has unsuccessfully appealed to the head of the agency as to any denial and thereby exhausted his administrative remedies. Thus, if the agency responds to a FOIA request before the requester files suit, the ten-day constructive exhaustion provision ... no longer applies; actual exhaustion of administrative remedies is required.

Id.

An agency's responsibilities concerning apprising individuals of these administrative remedies are made clear by the statute. Within twenty days of receipt of a request (excepting

9

Saturdays, Sundays, and legal public holidays), the agency "shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

Here, the required procedures were followed by the FBI without exception. After Degenes' original request was sent, only eight weekdays passed before the agency's response was sent, including the appropriate form to be signed. (Ex. 1, ECF No. 51-1.) After this form was submitted by Degenes, the FBI responded within an additional eight weekdays, having found no responsive records. (Id.) This response informed Degenes of his ability to appeal as well as the process to do so. (Ex. E, ECF No. 51-6.) Degenes acknowledged he was made aware of the right to appeal. (ECF No. 46 at 50.) At no point did more than ten weekdays pass between requests by Degenes and corresponding responses by the FBI. Even if that was not the case, the FBI's response on June 21, 2011 preempted Degenes' ability to forego the administrative processes afterward, which he attempted to do with his suit filed on July 13, 2011. See 5 U.S.C. § 552; McDonnell, 4 F.3d at 1240.

Generally, "[a] failure to exhaust administrative remedies does not per se deprive the court of subject matter jurisdiction. It is a prudential consideration that the court takes into account in determining whether to exercise subject matter jurisdiction." Id. at 1262. "Whether courts are free to impose an exhaustion requirement as a matter of judicial discretion depends, at least in part, on whether Congress has provided otherwise, for '[o]f paramount importance to any exhaustion inquiry is congressional intent.'" Darby v. Cisneros, 509 U.S. 137, 144-45 (1993) (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)) (internal citations omitted). The FOIA is clearly an instance where Congress has intended to impose an exhaustion requirement not

subject to the discretion of the courts. Provisions for exhaustion of administrative remedies are detailed in the FOIA. See 5 U.S.C. § 552(a)(6)(C)(i) (An individual "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph"). Jurisdiction is conferred to and withheld from district courts in specific situations detailed by the statute itself. For example, "failure by an agency to respond in a timely manner to such a request shall be subject to judicial review. . . ." 5 U.S.C. § 552 (a)(6)(E)(iii). Plaintiff's failure to exhaust the administrative remedies provided by the FOIA precludes this court from exercising jurisdiction in this case.

The FBI next argues the FOIA claim against it should be dismissed because no responsive documents were withheld. (ECF No. 51 at 10.) An additional instance in which the FOIA confers jurisdiction on the district courts is "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

> The Supreme Court, in adjudicating FOIA suits, has . . . evolved a tripartite test to determine whether a district court has authority to order the production of documents pursuant to 5 U.S.C. s 552(a)(4)(B). The judicial remedy is properly invoked if: (1) the requested documents are agency records (2) the records have been withheld by the agency and (3) the withholding was improper.

Coastal States Gas Corp. v. Dep't of Energy, 644 F.2d 969, 974 (3d Cir. 1981) (citing Forsham v. Harris, 445 U.S. 169, 177 (1980); Kissinger v. Reporters Comm., 445 U.S. 136, 150 (1980)).

While this test applies to documents intentionally or unintentionally withheld, the instant case deals only with documents which may exist, but were not uncovered by a search conducted by an agency. It is important to note that an agency does not have a duty to locate every responsive in order to be reasonable.

> Under the FOIA, an agency has a duty to conduct a reasonable search for responsive records. See Oglesby v. Department of the Army, 920 F.2d 57, 68

11

> (D.C.Cir.1990). The relevant inquiry is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C.Cir.1994). To demonstrate the adequacy of its search, the agency should provide "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials ... were searched." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C.Cir.1999).

Lechliter v. Rumsfeld, 182 F. App'x 113, 115 (3d Cir. 2006).

Here, there is no question the search conducted by the FBI in response to Degenes' request was reasonable. The "reasonably detailed affidavit" provided by David M. Hardy of the FBI provided a thorough explanation of the databases in question, their relationships to one another, and the specifics of the actual search employed in the plaintiff's case. (Ex. 2, ECF No. 51-8.) The search for responsive records through multiple databases using several variations of plaintiff's name constituted a reasonable search. (Id. at 16-19.) "[A]ffidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." Lechliter, 182 F. App'x at 116 (quoting Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982)). Thus, no documents were improperly withheld, and the judicial remedy is not properly invoked. See Coastal States Gas Corp., 644 F.2d at 974.

When no improper withholding of documents is alleged, courts have either dismissed the case for lack of subject-matter jurisdiction or for failure to state a claim for which relief can be granted. While the Court of Appeals for the Third Circuit appears not to have addressed this specific issue, the United States Supreme Court has stated "[u]nless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." United States Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989). This rationale has been applied in other district courts within the Third Circuit. See

Stuler v. I.R.S., No. 12-391, 2012 WL 1893579, at *2 (W.D. Pa. May 24, 2012) (finding "[o]nce Defendant sent Plaintiff all responsive documents, this Court no longer had its subject matter jurisdiction" in granting a 12(b)(1) motion); Bartlett v. United States Dept. of Justice, F.B.I., 867 F. Supp. 314 (E.D. Pa. 1994). The FBI's motion to dismiss for lack of subject-matter jurisdiction must be granted with prejudice.

An appropriate order follows:

### ORDER

AND NOW, this 27th day of September, 2012, upon consideration of the motions filed by Brentwood and the FBI and plaintiff's submissions, it is hereby ordered that:

1) Brentwood's motion for judgment on the pleadings on second amended complaint (ECF No. 59) is GRANTED with prejudice;

2) FBI's motion to dismiss plaintiff's second amended complaint or, in the alternative, motion for summary judgment (ECF No. 51) is GRANTED with prejudice.

3) Plaintiff's "motion not to dismiss Plaintiff's civil rights case against Brentwood Borough" (ECF No. 57) is DENIED as MOOT in light of the court's other rulings.

4) The clerk shall mark this case closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Court Judge

cc:
**ANTHONY ANGELO DEGENES**
300 Van Wyck Avenue
Brentwood, PA 15227