IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY ANGELO DEGENES,** | ) | CIVIL ACTION NO.  11-916 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **FEDERAL BUREAU OF** | ) | |
| **INVESTIGATION**, | ) | |
| **BRENTWOOD BOROUGH,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

CONTI, Senior District Judge

I.      **Introduction**

This case was filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522

and the Pennsylvania Right–to–Know Law, 65 Pa. Cons. Stat. §§ 67.101 et seq.,[1] by pro se

plaintiff Anthony Angelo Degenes ("Degenes"). After this case was closed, Degenes filed

three letters, which the court construes as motions to reopen his case against defendants

Federal Bureau of Investigation ("FBI") and Brentwood Borough ("Brentwood") under

Federal Rule of Civil Procedure 60(b). (ECF Nos. 69, 70, 72.) He also filed a fourth letter

---

[1]      Degenes in the second amended complaint asserted a claim against Brentwood
under the Civil Rights Act of 1964, 42 U.S.C. § 1983. Degenes' requests to reopen his
case, however, concern only his claims based upon his requests for information from
the FBI and Brentwood. He does not address his § 1983 claim in his letters to reopen
his case.

that this court construes as a motion for appointment of attorney in a case not-yet-filed with this court. (ECF No. 71.)

For the reasons set forth in this opinion, Degenes' requests to reopen his case will be denied because his requests to reopen his case, which were made more than seven years after this court dismissed his claims against the FBI and Brentwood with prejudice, were untimely filed. Degenes' request for an attorney to represent him with respect to a prospective case not-yet-filed with this court will be denied because there is no case pending before this court and the court lacks jurisdiction over any such motion.

## II.    Procedural History

The full procedural history of this case is set forth in the court's opinions dated January 27, 2012, and September 27, 2012. (ECF Nos. 44, 65.) The court in this opinion sets forth only the procedural history relevant to the disposition of Degenes' pending requests to reopen his case and for appointment of attorney.

In 2011, the FBI and Brentwood filed motions with this court arguing that the claims asserted against them by Degenes in the amended complaint should be dismissed. (ECF Nos. 28, 31.) On January 27, 2012, this court, among other things:[2]

(A)  dismissed with prejudice Degenes' Right-to-Know claim against Brentwood for lack of subject-matter jurisdiction because Pennsylvania has exclusive jurisdiction over those claims;

---

[2]     Degenes originally filed this case against Brentwood, the Brentwood Police Department, the FBI, Robert Mueller ("Mueller"), director of the FBI, and Michael Rodriguez ("Rodriguez"), an FBI agent. (ECF No. 1.) The court in its opinion dated January 27, 2012, dismissed this case with prejudice against the Brentwood Police Department because Degenes named Brentwood as a defendant and the Brentwood Police Department, which is an administrative arm of Brentwood, is not a proper defendant under § 1983. (ECF No. 44 at 8-9.) The court dismissed this case with prejudice against Mueller and Rodriguez because individual defendants are not proper defendants under the FOIA. (Id. at 12.) The FBI and Brentwood were the remaining defendants in the case.

(B) dismissed with prejudice the FOIA claim against Brentwood because FOIA claims cannot be asserted against state entities;

(C) dismissed without prejudice the § 1983 claim asserted against Brentwood for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and

(D) dismissed with prejudice the Right-to-Know claim against the FBI for lack of subject-matter jurisdiction because Pennsylvania has exclusive jurisdiction over those claims, which can only be asserted against state entities.

(ECF No. 44.) The court in the opinion dated January 27, 2012, granted Degenes leave to file a second amended complaint. (Id. at 13.)

On February 24, 2012, Degenes filed a second amended complaint. (ECF No. 46.) On March 30, 2012, the FBI filed a motion to dismiss the second amended complaint. (ECF No. 50.) On May 16, 2012, Brentwood—after filing an answer and affirmative defenses, (ECF No. 56)—filed a motion for judgment on the pleadings, (ECF No. 59), in which it incorporated an argument that this court lacked subject-matter jurisdiction over the claims asserted against it. On September 27, 2012, this court:

(A) granted with prejudice the motion for judgment on the pleadings filed by Brentwood with respect to the § 1983 claim because Degenes failed to set forth factual allegations in support of that claim (ECF No. 65 at 8);

(B) did not grant Degenes leave to amend against Brentwood because he was given two opportunities to amend his complaint to set forth factual allegations sufficient to show plausibly that Brentwood violated his § 1983 rights but he failed to do so and, therefore, further amendment would be futile (id.);

(C) granted the motion to dismiss filed by the FBI and dismissed the FOIA claim for lack of subject-matter jurisdiction because Degenes did not exhaust his administrative remedies before filing this federal case (id. at 11);

(D) explained that that even if Degenes exhausted his administrative remedies, the court was without subject-matter jurisdiction because Degenes did not plausibly allege that the FBI withheld from him any documents responsive to his requests (id. at 12-13); and

(C) closed this case (id. at 14).

3

On November 1 and 19, 2012, Degenes filed motions for reconsideration of the court's opinion and order dismissing with prejudice his claims against the FBI and Brentwood. (ECF Nos. 68-69.) On November 26, 2012, this court denied the motions for reconsideration because Degenes did not set forth any argument or make any factual allegations addressing the applicable grounds for relief. (ECF No. 70.)

In October 2019, Degenes sent a letter to the Chief District Judge of this court, which provided, in pertinent part:

> Your Honor, this is my Case Number: 2:11-cv-00916, Document 65, Filed 9-27-12, Before Judge Joy Flowers Conti. Judge Conti's Order is attached.
>
> Your Honor, I want to point out that Judge Conti closed my case because I wasn't able to furnish the Court with my Right to Know Records. I let the 30 day time period expire and as result, I couldn't receive those records.
>
> I didn't know that after a certain amount of time I could refile, which I did, and I now have my Right to Know Records. Copy is attached: Office of District Attorney, Allegheny County, February 6, 2018.
>
> I'm requesting that Your Honor, permit me to reopen my case. I'm also asking the Court to assign me an attorney. I will pay for the attorney.

(ECF No. 69 at 1.) The letter was filed as a notice on this court's docket on November 8, 2019. (Id.) On December 30, 2019, the same letter and attachments were filed on the docket as a motion to reopen this case. (ECF No. 70.) The court construes the above-referenced letters as motions to reopen this case under Rule 60(b).

On April 22, 2020, the court received a letter from Degenes, which provided, in pertinent part:

> I'm about to bring a lawsuit against the FBI, particularly, David Hardy for Misconduct of an FBI Agent. I'm requesting an attorney be appointed to me. I'm not a lawyer and I know nothing about trying to be one. I don't feel confident if I go Pro Se.
>
> I want to mention that in July of 2011, I initiated a suit, Case No: 2:11-cv-9116. Judge Joy Conti closed my case because I wasn't able to get my Right to Know Records in time.

4

I want to point out my Complaint is completely different than it was back then.

I would have had this matter resolved many years back but since I'm not an attorney I didn't know what to do.

(ECF No. 71 at 1.) The court construes the foregoing letter as a request to appoint counsel

with respect to a complaint that has not been filed with this court.

On April 29, 2020, this court received a fourth letter from Degenes, which provides, in

pertinent part:

Your Honor, on October 12, 2019, I initially sent my request to have my Case reopen to Justice David Cercone. I addressed Justice Cercone as President Judge. I called Judge Cercone's office and was told the title is Chief Justice.

I was also told that the judge who handled my Case originally was the judge I was to contact. That would be you, Your Honor.

Your Honor, I want to point out that you closed my Case because I wasn't able to furnish the Court with my Right to Know Records. I let the 30 day time limit expire because I was missed informed and this was the first time I had ever requested Right to Know Records, and as a result, I couldn't receive those records.

I didn't know that after a certain amount of time I could refile, which I did, and I now have my Right to Know Records. Copy is attached: Office of District Attorney, County of Allegheny, February 6, 2018.

I'm requesting that Your Honor reopen my Case. I'm also requesting that I can amend my Complaint. I'm not an attorney, I know nothing about the law, so I'm therefore, requesting an attorney be appointed for me. I will pay for the attorney.

If, Your Honor, wants to see a copy of my revised Complaint, I'll furnish you with a copy.

(ECF No. 72.) The court construes the foregoing letter as a motion to reopen this case under

Rule 60(b).

### III.   Standard Applicable to Pro Se Plaintiffs

*Pro se* plaintiffs are held to a less stringent standard than individuals represented by

counsel.  <u>Fed. Express Corp. v. Holowecki</u>, 552 U.S. 389, 402 (2008) ("*pro se* litigants are

held to a lesser pleading standard than other parties").  A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure.  See McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972).

## IV.   Discussion

### A.  Motions to Reopen under Rule 60(b)

Rule 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Whether a plaintiff filed its Rule 60(b)(4), (5), or (6) motion "within a reasonable time" may be determined "by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." Ortiz v.

Pierce, No. 08-487, 2014 WL 3909138, at *1 (D. Del. Aug. 11, 2014). "[The] movant . . . bears the burden of establishing entitlement to [Rule 60(b)(6)] equitable relief[,]" Cox v. Horn, 757 F.3d 113, 122 (3d Cir. 2014) (citing Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)), and the burden to show that he or she filed the Rule 60(b) motion within a reasonable time, Rodriguez v. Kuhlman, No. 98 CIV. 63 LAP JCF, 2013 WL 4778173, at *1 (S.D.N.Y. Sept. 6, 2013); Pierre v. Legal Sea Foods, Inc., No. CIV.A. 11-10710-LTS, 2013 WL 2181063, at *4 (D. Mass. May 17, 2013).

Here, on September 27, 2012, this court in an order dismissed with prejudice Degenes' claims asserted against the FBI and Brentwood. (ECF No. 65.) On November 26, 2012, the court denied Degenes' motions for reconsideration of that order. (ECF No. 70.) Degenes filed his first request to reopen this case on November 8, 2019, i.e., approximately seven years after this case was dismissed with prejudice and closed. Degenes, therefore, cannot show he is entitled to relief under Rule 60(b)(1), (2), or (3) because a request for relief under those provisions must be filed no more than one year after the court's order dismissing the case. Degenes does not argue that any judgment in this case is void or has been satisfied. Thus, neither Rule 60(b)(4) nor (5) apply to this case.

Degenes' entitlement to relief—if any—must be grounded in Rule 60(b)(6), and he must show that he has sought relief in this case within a reasonable time of the entry of the court's order dismissing his case with prejudice. As discussed above, to determine whether a Rule 60(b) motion was filed within a reasonable time, the court must consider the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. With respect to the court's interest in finality, Degenes waited approximately *seven years* to seek relief from the court's dismissal of his claims with prejudice against the FBI and Brentwood. The court's interest in finality after approximately seven years is significant and weighs against

7

granting Degenes relief. See Lewis v. Cty. of San Bernardino, No. 512CV01007UASK, 2017 WL 6883870, at *1 (C.D. Cal. Oct. 23, 2017) ("In a case closed nearly five years ago, "the interest in finality" of judgment weighs decidedly against post-judgment relief."); AMCO Ins. Co. v. Swagat Grp., LLC, No. 07-3330, 2013 WL 12244758, at *6 (C.D. Ill. June 20, 2013) ("The interest in finality and the prejudice to Plaintiff weigh heavily in favor of finding the Motion[, which was filed three years after final judgment was entered,] was not brought within a reasonable time."); Nance v. Pleasant Valley State Prison, No. 1:98-CV-06281-AWI, 2010 WL 2635640, at *2 (E.D. Cal. June 29, 2010) ("Certainly the interest in finality weighs against Plaintiff given the sheer number of years[, i.e., five years since final judgment was affirmed on appeal,] which have passed.").

With respect to the reasons offered for the seven-year delay, Degenes asserts that he "knows nothing about the law[,]" was misinformed about the "30 day time limit" with respect to his Right-to-Know records, and did not know "he could refile." (ECF No. 72.) The reasons offered by Degenes, however, are not sufficient to satisfy his burden to show the delay was reasonable. See Ford v. United States, No. CIV. 08-4932 JBS, 2012 WL 4434734, at *3 (D.N.J. Sept. 24, 2012) (explaining that "'ignorance of the law and carelessness in its application are not sufficient grounds' for relief under Rule 60(b)") (quoting Brandl v. ACE USA, No. 10–3512, 2011 WL 442156, at *1 n. 1 (E.D. Pa. Feb.7, 2011)). Degenes also did not assert any factual allegations to support his asserted reasons for delay or to show how those assertions justify the reasonableness of a seven-year-delay in filing the letters requesting this court reopen this case. See INS. Co. of Greater N.Y. v. Fire Fighter Sales & Serv. Co., 312 F.R.D. 394, 402 (W.D. Pa. 2015) (denying motion to vacate where, among other things, the plaintiff "failed to present any reason for its seven-month delay" in raising the basis for its Rule 60(b) motion) (citing Azbuko v. Bunker Hill Cmty. Coll., 442 F. App'x 643, 644 (3d Cir.2011) (per curiam) ("[B]ecause [the plaintiff] has

provided no explanation for his delay in filing,...he has not filed his motion within a reasonable time of the order that he seeks to challenge.")). Under those circumstances, this factor weighs against reopening this case.

With respect to Degenes' practical ability to learn of the grounds relied upon, he asserts that he did not know he could refile under the Right-to-Know laws. (ECF No. 72.) Degenes, however, does not point to any evidence to show why he could not learn about his rights to file under the Right-to-Know laws in a more timely fashion, i.e., before the passage of seven years since this court dismissed his claims against the FBI and Brentwood with prejudice.  This factor weighs against a finding that Degenes filed his requests to reopen this case within a reasonable time.

With respect to prejudice, if this court were to grant Degenes' requests and reopen this case approximately seven years after it was dismissed with prejudice, there is a risk that the FBI and Brentwood would be prejudiced by the passage of time, loss of evidence, and failing memory of the relevant witnesses. Degenes has the burden to show he filed his requests to reopen within a reasonable time, and the court did not receive any evidence with respect to this factor. This factor, therefore, weighs in favor of the court denying Degenes' requests.

Based upon the foregoing, the court's interest of finality, the reason for delay, Degenes' practical ability to learn earlier of the grounds relied upon, and the consideration of prejudice to the FBI and Brentwood, all weigh in favor of a finding that Degenes' requests for this court to reopen the case were *not* filed within a reasonable time of the court dismissing this case with prejudice.[3]

---

[3]    It is unclear to the court from Degenes' letters exactly which claims Degenes intends to reassert against the FBI and Brentwood if this court were to grant his request to reopen this case. This court dismissed with prejudice the Right-to-Know law claims

Under those circumstances, Degenes' requests to reopen this case will be denied. Having found Degenes' requests to reopen this case were not filed within a reasonable time, the court need not consider whether he satisfied his burden to show any reason justifying relief from final judgment under Rule 60(b)(6).[4]

### B.  Motion for Appointment of Attorney

"The existence of a 'case or controversy' is a 'condition precedent to the proper exercise of judicial power by a federal court….'" Expotech Eng'g, Inc. v. Cardone Indus., Inc., No. CV 19-1673, 2020 WL 1694543, at *7 (E.D. Pa. Apr. 7, 2020) (quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)).[5] In Degenes' letter dated April 22, 2020, he requests the appointment of counsel for a case not-yet-filed with this court against David Hardy ("Hardy"). The above-captioned case was filed against the FBI and Brentwood, among others. Degenes in his letter requesting counsel asserts he is going to file a lawsuit (as opposed to an amended complaint in this case) against Hardy, who was not a named

---

for lack of subject-matter jurisdiction, the FOIA claims for lack of subject-matter jurisdiction, and the § 1983 claim asserted against Brentwood for repeated failure to state a claim upon which relief may be granted.

[4]    To the extent Degenes in his letters requesting the court to reopen this case asks the court to appoint him counsel, the requests for appointment of counsel are denied as moot because Degenes is not entitled to relief under Rule 60(b).

[5]    The Third Circuit Court of Appeals has explained:

The constitutional requirement that the exercise of judicial power depends upon the existence of a case or controversy has three elements: "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution." Int'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 915 (3d Cir. 1987) (quoting Dow Chem. Co. v. EPA, 605 F.2d 673, 678 (3d Cir. 1979)).

United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Gov't of Virgin Islands, 842 F.3d 201, 207–08 (3d Cir. 2016).

defendant in this case.[6] There is, therefore, no case or controversy pending between Degenes and Hardy upon which this court can exercise its judicial powers to decide Degenes' motion to appoint counsel and request that counsel be appointed to represent him in a *prospective* case against Hardy. The motion to appoint counsel will be denied with prejudice.[7] To the extent Degenes files a *new* federal case against Hardy and can show his entitlement to court-appointed counsel in *that* case, he may renew his request for court-appointed counsel in *that case*.

### V.    Conclusion

Degenes' requests to reopen this case were untimely filed. He is, therefore, not entitled to relief under Rule 60(b), and his requests to reopen this case (ECF Nos. 69, 70, 72) will be denied. The court is without authority to exercise its judicial power and decide the motion for appointment of counsel in the yet-to-be filed case because there exists no case or controversy between Degenes and Hardy. The request for appointment of counsel (ECF No. 71) will, therefore, be denied. An appropriate order will be entered.

BY THE COURT,

Dated: May 11, 2020

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge

---

[6]    Degenes in the second amended complaint described conduct by Hardy, which did not implicate a claim against Hardy. (ECF No. 46 ¶¶ 49-50.) As described above, Degenes in his motion to appoint counsel asserts he intends to file a lawsuit against Hardy. If Degenes meant that he intended to file an amended complaint against Hardy in the above-captioned case, the motion to appoint counsel would be denied as moot because Degenes—for the reasons already set forth in this opinion—is not entitled to a reopening of this case under Rule 60(b).

[7]    Even if there was a case or controversy pending between Degenes and Hardy, Degenes has not shown that he is an indigent litigant for whom this court may request that counsel be appointed.  28 U.S.C. § 1915(e)(1); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir.1993).